IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 7:22-CR-7 (WLS-TQL-1) |
| : | |
| TOCCARA LAMERE HERRING, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Before the Court is Defendant's Motion in Limine (Doc. 69). Based on the arguments and briefing, the Court finds that it would be an abuse of discretion not to grant the motion. The Motion is therefore **GRANTED**.

To preserve the Fifth Amendment right against self-incrimination, *Miranda v. Arizona*, requires a trial court to "exclude from evidence any incriminating statements an individual makes before being warned of his rights to remain silent and to obtain counsel." *United States v. Woodson*, 30 F.4th 1295, 1303 (11th Cir. 2022) (quoting *United States v. Luna-Encinas*, 603 F.3d 876, 880 (11th Cir. 2010)). The right to *Miranda* warnings, however, attaches only "when custodial interrogation begins." *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004). Courts apply a two-part test to evaluate whether a suspect is in custody for *Miranda* purposes. *Id.* First, a court should ask "what were the circumstances surrounding the Interrogation." *Id.* (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)). Second, a court should ask, "given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the investigation and leave." *Id.* (quoting *Thompson*, 516 U.S. at 112.).

Here, the Parties acknowledge that Defendant was handcuffed, and, as such, the Court finds that he was in custody for purposes of whether a *Miranda* warning was necessary. There is little suggestion from the facts before the Court that Defendant's statements were excited utterances. Instead, they were elicited in response to Officer

1

Zamora's questioning. Therefore, a *Miranda* warning was required. It was not given. As such, the statements were elicited in violation of Defendant's Fifth Amendment rights.

It is true that the Motion was filed well after the October 1, 2024 deadline, but the Court finds good cause for such a delay. Notwithstanding the fact that this exclusion prejudices the Government somewhat, Defendant asserts a clear Fifth-Amendment violation which the Court believes it would be an abuse of discretion to ignore. Accordingly, the Motion (Doc. 69) is **GRANTED**.[1] Defendant's custodial statements given before a *Miranda* warning are excluded. However, the Court makes no finding as to whether such statements may be used to impeach a witness.

**SO ORDERED**, this 5th day of November 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Additionally, the Court does not find that its ruling on Defendant's first Motion to Suppress (Doc. 30) fully addressed the merits of Defendant's motion as made under the Fifth Amendment. Res judicata therefore does not prevent Defendant from raising his Fifth Amendment challenges now.